# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Maria Salgado
_____
Plaintiff

vs.                                                    Case Number 2015 CA 002509 B

Target Corporation
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| | |
|---|---|
| Victor E. Long, Esq. | *Clerk of the Court* |
| Name of Plaintiff's Attorney | |
| 1919 M St., N.W., Ste. 350 | By _____ |
| Address | Deputy Clerk |
| Washington, DC 20036 | |
| 202-463-3030 | Date 04/09/2015 |
| Telephone | |

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Filed
D.C. Superior Court
04/09/2015 13:56PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

| | |
|---|---|
| MARIA SALGADO<br>4508 14th Street, NW<br>Washington, DC 20011 | : <br> : <br> : |
| Plaintiff, | : |
| v. | : |
| TARGET CORPORATION<br>1000 Nicollet Mall<br>TPS 2672<br>Minneapolis, MN 55403 | : <br> : <br> :    Case No. 2015 CA 002509 B <br> : |
| Serve:<br>CT Corporation System<br>1015 15th St. NW, Suite 1000<br>Washington, DC 20005 | : <br> : <br> : |
| Defendant. | : |

### COMPLAINT
(Negligence: Premises Liability)

COMES NOW the Plaintiff, Maria Salgado, by and through undersigned counsel, Victor E. Long, and Regan Zambri & Long, PLLC, who hereby brings the following complaint and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is founded on D.C. Code Section 11-921 as the cause of action arose in the District of Columbia.

-1-

2. Venue is appropriate in this Court since the acts and/or omissions in question occurred in the District of Columbia.

**PARTIES**

3. Plaintiff Maria Salgado is an adult citizen and resident of the District of Columbia.

4. Upon information and belief, Defendant Target Corporation (hereinafter "Target") is a Minnesota corporation that owns and operates stores throughout the United States, including the District of Columbia. Target owns and operates the store which is the subject of this complaint, located at 3100 14th Street Northwest, Washington, DC 20010.

**FACTS**

5. On or about August 2, 2012, Plaintiff Salgado was shopping in the Target store owned and operated by the Defendant, located at 3100 14th Street Northwest, Washington, DC 20010.

6. Upon information and belief, the coolers in the dairy section of the above mentioned Target store were leaking water onto the floor prior to the date of the incident and repairs requests had been made.

7. Upon information and belief, Defendant and its agents had knowledge, either actual or constructive, prior to August 2, 2012, that the coolers in the dairy section leak water onto the floor.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

8. On or about August 2, 2012, Plaintiff Salgado was walking between the toothpaste aisle and dairy section of the Target store. As she approached the dairy cooler, suddenly and without warning, she slipped on the standing water that had leaked from the coolers and fell onto the wet floor. Plaintiff did not see the water prior to her fall.

9. As a direct result of the fall, Plaintiff Salgado suffered severe injuries to her hip and neck.

## COUNT I
(Negligence – Premises Liability)

10. Plaintiff hereby incorporates, by reference, the allegations made in paragraphs 1 through 9, as though fully set forth herein.

11. Defendant Target owed Plaintiff Salgado, as a business invitee, a duty to use reasonable care to keep the aisles of the store free of dangerous conditions, such as a wet and slippery floor.

12. Defendant Target had actual or constructive knowledge of the leaking cooler in the dairy section which resulted in standing water on the tile floor, and had a reasonable opportunity to correct the condition.

13. Defendant Target negligently failed to take steps to correct the condition, such as properly mopping up the water on the floor, warning customers of the leak, immediately repairing the parts of the machines that leak, and/or removing the machine until it could be repaired.

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

14. As a direct and proximate result of the negligence of Defendant Target or its agents or employees, Plaintiff Salgado suffered severe injuries to her hip and neck.

15. As a further direct and proximate result of the negligence of Defendant Target, Plaintiff Salgado has suffered a loss of earnings and wage earning capacity; has incurred substantial expenses for medical care and attention; and has suffered, and will continue to suffer, much physical pain and mental anguish.

WHEREFORE, Plaintiff demands judgment against the Defendant in the full and just amount of One Hundred Thousand Dollars, ($100,000.00), plus interest and costs.

### JURY TRIAL DEMAND

The Plaintiff requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI & LONG, P.L.L.C.

By: _____
Victor E. Long
vlong@reganfirm.com
1919 M Street, N.W., Suite 350
Washington, D.C. 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan
Zambri & Long, P.L.L.C.
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Maria Salgado     Case Number: **2015 CA 002509 B**

vs     Date: **04/09/2015**

Target Corporation     ☒ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* Victor E. Long, Esq. | Relationship to Lawsuit |
| Firm Name: Regan Zambri & Long | ☒ Attorney for Plaintiff |
| Telephone No.: 202-463-3030    Six digit Unified Bar No.: 323634 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $ 100,000.00     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

☐ 01 Breach of Contract     ☐ 07 Personal Property     ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty     ☐ 09 Real Property-Real Estate     ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance     ☐ 17 OVER $25,000
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile     ☐ 03 Destruction of Private Property     ☐ 05 Trespass
☐ 02 Conversion     ☐ 04 Property Damage     ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process     ☐ 09 Harassment     ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy     ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery     ☐ 11 Libel and Slander     ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury     ☐ 12 Malicious Interference     ☐ 20 Friendly Suit
☐ 05 Deceit (Misrepresentation)     ☐ 13 Malicious Prosecution     ☐ 21 Asbestos
☐ 06 False Accusation     ☐ 14 Malpractice Legal     ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest     ☐ 15 Malpractice Medical (Including Wrongful Death)     ☐ 23 Tobacco
☐ 08 Fraud     ☒ 16 Negligence- (Not Automobile, Not Malpractice)     ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/May 12

# Information Sheet, Continued

**C. OTHERS**

**I.**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4315)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____   4/9/15
Attorney's Signature                    Date



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARIA SALGADO
Vs.                           C.A. No.     2015 CA 002509 B
TARGET CORPORATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date:  April 9, 2015
Initial Conference: 10:00 am, Friday, July 10, 2015
Location:  Courtroom 517
         500 Indiana Avenue N.W.

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc